**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

MANZUR MAZUMDER,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

Cv. No. 2:20-cv-02566-JTF-atc
Cr. No. 2:17-cr-20168-JTF

## ORDER DIRECTING MOVANT TO FILE A CHANGE OF ADDRESS AND DIRECTING PARTIES TO ADDRESS THE MOOTNESS OF CLAIMS

According to the Federal Bureau of Prisons, Movant Manzur Mazumder, Bureau of Prisons register number 30294-076, was released from federal custody on October 24, 2022.  *See* Federal Bureau of Prisons, Find an inmate, Inmate Locator (bop.gov) (last accessed Aug. 31, 2023.) Movant has not filed any document in this case since 2020.  (*See* ECF No. 9.)  Since his release, Movant has not updated his address in this case.  The most basic responsibility of a litigant is to keep the Court advised of his whereabouts.  Failure to provide a current address makes it appear as if the litigant has abandoned the action.

Therefore, Movant is **DIRECTED** to file a change of address within 14 days of the entry of this Order.  Failure to comply with this Order in a timely manner may result in the dismissal of this action under Fed. R. Civ. P. 41.

### MOVANT'S CLAIMS

Movant has asked the Court to vacate his sentence, so that he may be sentenced anew.  (ECF No. 1 at PageID 10; *see* ECF No. 6 at PageID 29.)  Because Movant has served his sentence and

has now been released, the relief that Movant originally requested appears to be no longer appropriate.

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (citing U.S. Const., art. III, § 2). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011). A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A prisoner's challenge satisfies this requirement because incarceration itself is a concrete injury. However, once the sentence has expired, some concrete and continuing injury or collateral consequence, other than the now-ended incarceration or parole, must exist if the suit is to be maintained. *Id*.; *see Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). Where a prisoner is challenging only the part of his sentence he has already completed, the presumption that the case or controversy requirement has been met does not apply, and he must point to some other continuing adverse consequence. *See United States v. Perotti*, 702 F. App'x 322, 323-324 (6th Cir. 2017). A § 2255 motion is moot where the court can no longer provide meaningful relief. *See United States v. Rutledge*, Case Nos. 3:10-cr-13, 3:13-cr-179, 3:15-cv-356, 2016 WL 3582123, at *6 (S.D. Ohio June 28, 2016).

Movant is now on supervised release.[1] In the § 2255 Motion, Movant made no complaint about his supervised release term. For these reasons, the Court is not convinced a case or

---

[1] The Clerk is DIRECTED to mail a copy of this Order to the address provided by the probation office, as noted on the docket.

controversy remains in this case for which the Court can grant relief.  Therefore, the parties are **DIRECTED** to address the mootness of Movant's claims and whether there is a continuing adverse consequence for this Court to address within 14 days of the entry of this Order.  Movant's failure to file a response to this Court's order on the mootness of his claims will be considered abandonment of this action resulting in the dismissal of this action pursuant to Fed. R. Civ. P. 41.

**IT IS SO ORDERED**, this 31st day of August, 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge