# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| MANZUR MAZUMDER,<br><br>   Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | Cv. No. 2:20-cv-02566-JTF-atc<br>Cr. No. 2:17-cr-20168-JTF |

**ORDER DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**
**AND**
**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On August 3, 2020, Movant Manzur Mazumder, Bureau of Prisons register number 30294-076, filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion," ECF No. 1). On September 8, 2020, Movant filed an amended § 2255 Motion. (ECF No. 6.) On October 6, 2020, the Government filed the Response of the United States in Opposition to Defendant's § 2255 Motion. (ECF No. 8.) On October 20, 2020, Movant filed Mazumder's Reply to the Response of the United States in Opposition to Defendant's § 2255 Motion. (ECF No. 9.)

Movant was released from the custody of the Federal Bureau of Prisons on October 24, 2022. *See* Federal Bureau of Prisons, Find an inmate, Inmate Locator (bop.gov) (last accessed Sept. 19, 2023.) On August 31, 2023, the Court entered an Order Directing Movant to File A

Change of Address and Directing Parties to Address the Mootness of Claims. (ECF No. 11.)[1] The Court directed Movant to file a change of address within 14 days of the entry of this Order. (*Id.* at PageID 84.) The Court noted that Movant is now on supervised release and that he made no complaint about his supervised release term. (*Id.* at PageID 85.) The Court directed the parties "to address the mootness of Movant's claims and whether there is a continuing adverse consequence for this Court to address within 14 days of the entry of this Order." (*Id.* at PageID 86.) The Court warned that Movant's failure to file a change of address or "response to this Court's order on the mootness of his claims will be considered abandonment of this action resulting in the dismissal of this action pursuant to Fed. R. Civ. P. 41." (*Id.* at PageID 84, 86.)

On September 5, 2023, the Government filed the Response of the United States. (ECF No. 12.) The Government asserts that, to the extent, the claims raised in the § 2255 Motion attack the underlying conviction, they are not moot. (*Id.* at PageID 87.)

Still, Movant has not filed a change of address or a response addressing the mootness of his claims, and the period for complying with the Court's August 31, 2023 order has expired. The Court finds that Movant has abandoned this action and failed to comply with the Court's August 31, 2023 order. For these reasons, Movant's § 2255 Motion, as amended, is **DISMISSED** for failure to prosecute pursuant to Fed. R. Civ. P. 41.

## APPELLATE ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal

---

[1] The Order was mailed to the last known address on record with the probation office.

2

without this certificate. The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337). In this case, for the reasons previously stated, Movant has failed to comply with the Court's August 31, 2023 Order, and dismissal is appropriate under Fed. R. Civ. P. 41. Movant cannot present a question of some substance about which reasonable jurists could differ. The Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952.

Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED. If Defendant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)-(5)).

**IT IS SO ORDERED**, this 20th day of September, 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge